**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE MARTINEZ-ZAMORA,<br><br>                 Petitioner,<br>  vs.<br><br>TOM RIDGE, Secretary of the Department of Homeland Security, et al.,<br><br>               Respondent. | CASE NO. 06-CV-834-H<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 10, 2006, Petitioner Jorge Martinez-Zamora, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Respondent filed its initial return on May 24, 2006, (Doc. No. 3.), and it filed an amended return on June 1, 2006. (Doc. No. 5.) Petitioner filed a traverse on June 6, 2006. (Doc. No. 6.) For the reasons stated below, the Court DENIES the petition for a writ of habeas corpus.

**Background**

Petitioner is a native and citizen of Mexico. (Pet. 5; Return, Ex. 1, 19.) He became a lawful permanent resident of the United States in 1990. (Return, Ex. 1, 4.) On September 9, 2005, he was detained after attempting to bring an illegal alien into the United States using his wife's legal permanent resident card. (Id., Ex. 1, 21.) The Department of Homeland Security placed Petitioner in removal proceedings, charging

1  him with being subject to removal under § 212(a)(6)(E)(i) of the Immigration and
2  Naturalization Act, 8 U.S.C. § 1182(a)(6)(E)(i), for attempted alien smuggling. (Id.,
3  Ex. 1.) Petitioner admitted the charges and supporting facts before the immigration
4  judge ("IJ"), but applied for cancellation of removal. (Id., Ex. 5.) On December 1,
5  2005, the IJ denied Petitioner's application for cancellation of removal and ordered him
6  removed to Mexico. (Id., Ex. 3-15.) Petitioner appealed the IJ's order to the Board of
7  Immigration Appeals, which affirmed the decision on March 14, 2006. (Id., Ex. 16-24.)
8  On March 30, 2006, Petitioner filed a petition for review and requested a stay of
9  removal with the United States Court of Appeals for the Ninth Circuit. (Ex., Id. 24-32.)

## Discussion

In his petition, Petitioner asserts that he is being held unlawfully. He argues: (1) that he is being detained pursuant to an unconstitutional mandatory detention provision; (2) that the Court must order him released because the IJ should have released him on bond; and (3) that the Court should order him released because the complex nature of the litigation demonstrates that Immigration and Customs Enforcement is not likely to effect Petitioner's removal in the near future. (Pet. 2, 5.)

Section 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, makes "the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal." See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). The Act specifically states that it applies to challenges to the merits of removal orders and not to challenges of continued detention. Thus, to the extent Petitioner challenges his continued detention, this Court has jurisdiction over his petition.

**A. Basis for Petitioner's Detention**

Petitioner contends that the Court must order his release or grant him bond because he is subject to mandatory detention under 8 U.S.C. § 1226(c), which he claims is unconstitutional. Petitioner's claim that the mandatory detention provision

////

1  is unconstitutional fails because he is not being held subject to that provision, but is
2  being held pursuant to a discretionary decision by the Government.
3         Section 1226 governs detention prior to a final order of removal.  Mandatory
4  detention under § 1226(c) only applies to aliens who have committed certain crimes,
5  none of which apply here.  Thus, Petitioner is not being held subject to that provision.
6  Instead, the Government contends that Petitioner's detention is controlled by 8 U.S.C.
7  § 1231, which governs detention after a final order of removal.  Under § 1231, the
8  Attorney General must generally remove the alien within a 90 day period.  Id. §
9  1231(a)(1)(A).  When the alien seeks judicial review of the removal order and the court
10 orders a stay of the removal, however, the 90 day period does not begin until the date
11 of the court's final order.  Id. § 1231(a)(1)(B)(ii).  Here, because Petitioner has
12 requested a stay from the Ninth Circuit pending resolution of his appeal, the order of
13 removal is temporarily stayed pending further order of that court.  Ninth Circuit General
14 Order 6.4(c) ("Upon the filing of a motion or request for stay of removal or deportation,
15 the order of removal or deportation is temporarily stayed until further order of the
16 court.").  Therefore, the 90 day removal period has not yet begun.  Accordingly, until
17 the Ninth Circuit issues a final order, which begins the removal period, § 1231 does not
18 apply.  See, e.g., Quezada-Bucio v. Ridge, 317 F. Supp. 2d 1221, 1223-24 (W.D. Wash.
19 2004) (finding that where an alien appealed his removal order to the Ninth Circuit,
20 which automatically stayed the removal, he was not subject to § 1231 detention because
21 the removal period had not yet begun, but was still subject to detention under § 1226);
22 Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003) ("[W]here a court issues a stay
23 pending its review of an administrative removal order, the alien continues to be detained
24 under [§ 1226] until the court renders its decision.).         Given that § 1226(c) has
25 never applied to Petitioner and § 1231 does not yet apply to Petitioner, the Court finds
26 that Petitioner's detention is governed by the general discretionary detention provisions
27 set forth in § 1226(a).  Section 1226(a)
28 states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>   (B) conditional parole

Id. § 1226(a). Thus, because Petitioner is not subject to mandatory detention under § 1226(c), his claim that the provision is unconstitutional must fail.

**B.  Government's Discretionary Decision to Detain Petitioner**

In the remainder of his Petition, Petitioner argues that the Court should order his release because he is not a flight risk and because he is not a danger to the community. Thus, he asks the Court to substitute its judgment for that of the Government. Under 8 U.S.C. § 1226(e), however, such discretionary decisions of whether to release an alien on bond or on parole are unreviewable:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

Id. § 1226(e); see also Denmore v. Kim, 538 U.S. 510, 516-17 (2003) (distinguishing between challenges to discretionary decisions, which are barred by § 1226(e), and challenges to the constitutionality of § 1226(c), which courts may hear). Here, because Petitioner is challenging the Government's discretionary decision of whether to grant him bond, § 1226(e) bars his claim.

/ / / /

1       Beyond the statutory bar to review in § 1226(e), traditional limits on the use of
2 habeas corpus would also preclude the Court's review of the Government's
3 discretionary decision: "[H]abeas is not available to claim that the INS simply came
4 to an unwise, yet lawful, conclusion when it did exercise its discretion. . . . Habeas
5 petitions that . . . simply seek to change the discretionary result reached by INS are not
6 within the scope of § 2241 and should be denied." Gutierrez-Chavez v. INS, 298 F.3d
7 824, 828 (9th Cir. 2002) (holding that petitioner could not use § 2241 to obtain judicial
8 review of the equitable balance that the INS arrived at when it denied a waiver of
9 deportation); see also Denmore, 538 U.S. at 536 (O'Connor, J, concurring) ("[T]here
10 is no analogous history of routine reliance on habeas jurisdiction to challenge the
11 detention of aliens without bail pending the conclusion of removal proceedings.").
12 Accordingly, this Court may not review the IJ's decision to detain Petitioner without
13 bond.

14 **C.  Continued Detention**

15       Finally, Petitioner argues that the Court should order his release because the
16 Government will not be able to effect his removal in the foreseeable future given the
17 complex nature of the proceedings. As an initial matter, Petitioner has not indicated
18 why this litigation is complex or why the Government will not be able to effect his
19 removal to Mexico if the Ninth Circuit dismisses his appeal. In support of his claim,
20 he cites Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), in which the Ninth Circuit
21 addressed an alien's mandatory detention for over two and one half years under 8
22 U.S.C. § 1226(c) during removal proceedings. As discussed above, Petitioner is not
23 being detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c).
24 Therefore, Tijani does not apply to his current detention. Further, even looking at his
25 removal proceedings, Petitioner did not suffer any unusual delays. Rather, the
26 administrative proceedings and appeal lasted less than four months, which is less than
27 the average length of time for removal proceedings and administrative appeals noted
28 by the Supreme Court in Denmore. See 538 U.S. at 529 ("removal proceedings are

completed in an average time of 47 days . . . and appeal takes an average of four months"). Should the Ninth Circuit dismiss his appeal, Petitioner has not articulated why the Government could not immediately effectuate his removal, thus ending his detention.

## Conclusion

For the reasons stated above, the Court **DENIES** Petitioner's petition for a writ of habeas corpus.

IT IS SO ORDERED.

DATED: September 13, 2006

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies to:

Jorge Martinez-Zamora, pro se
A# 90 076 993 A/S
DHS Detention Facility
1115 North Imperial Ave.
El Centro, CA 92243

United States Attorney's Office
Samuel W. Bettwy, AUSA
Civil Division
880 Front Street, Room 6293
San Diego, CA 92101-8893